## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

EDWARD THOMAS KENNEDY,

     Plaintiff,

                                    JURY TRIAL DEMANDED

                                    Civil Action No. __3:18cv 697__

     v.

PHILIP CARL PETRUS, in his official
and individual capacities,
JOHN DOE 1, in his official
and individual capacities,
JOHN DOE 2, in his official
and individual capacities,
GEORGE FRANCIS HALCOVAGE,
in his official and individual capacities,
COUNTY OF SCHUYLKILL,
PENNSYLVANIA
and BOROUGH OF FRACKVILLE,
PENNSYLVANIA,

**FILED**
**SCRANTON**

MAR 3 0 2018

PER _____
DEPUTY CLERK

     Defendants.

### PLAINTIFF'S ORIGINAL COMPLAINT
### & APPLICATION FOR INJUNCTIVE RELIEF

     Plaintiff Edward Thomas Kennedy, for his complaint against Defendants Philip Carl

Petrus, John Doe 1, John Doe 2, George Francis Halcovage, County of Schuylkill, Pennsylvania,

and Borough of Frackville, Pennsylvania, states as follows:

### INTRODUCTION

-1-

1.      This is an action for money damages, punitive and special damages, and injunctive relief, brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution, and under the law of the Commonwealth of Pennsylvania, against Officer Philip Carl Petrus, a police officer of the Borough of Frackville, in his official and individual capacities, Police Officers John Doe 1 and  John Doe 2, of the County of Schuylkill, in their official and individual capacities, George Francis Halcovage, in his official and individual capacities, County of Schuylkill, Pennsylvania, and Borough of Frackville, Pennsylvania.

2.      Plaintiff Edward Thomas Kennedy alleges that Defendants Petrus, Doe 1 and Doe 2, made an unreasonable search and seizure of his person,  assaulted and battered and falsely imprisoned him by arresting him, and physically restraining him without cause. Plaintiff alleges that these constitutional violations were committed as a result of the policies and customs of the Borough of Frackville and the County of Schuylkill, and that the Borough of Frackville and the County of Schuylkill are liable under the theory of respondeat superior for the Torts committed by Defendants Petrus, Doe 1 and Doe 2 and George Francis Halcovage.

3.      It is alleged that it is the policy and custom of Defendants County of Schuylkill and Borough of Frackville to mislead, misconstrue, misrepresent and/or put false information into courts of law and in the public record under oath. Defendant George Francis Halcovage is responsible for policies and customs of Defendant County of Schuylkill and Borough of Frackville.

**JURISDICTION AND VENUE**

4.     This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over

Plaintiff's cause of action arising under the Constitution of the United States and 42 U.S.C. §

1983 and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has

supplemental jurisdiction over Plaintiff's causes of action arising under the Pennsylvania state law

pursuant to 28 U.S.C. § 1367.

5.     Venue lies in the United States District Court for the Middle District of

Pennsylvania because a substantial part of the events or omissions giving rise to Plaintiff's claims

in this case against the Defendants herein occurred in Schuylkill County, Pennsylvania. 28 U.S.C.

§ 1391(b)(2).

## PARTIES

6.     Plaintiff Edward Thomas Kennedy is an adult citizen and resident of Breinigsville,

Pennsylvania, County of Lehigh and of full age. Plaintiff is a Roman Catholic Priest since 2013

and Papal Knight, Hospitaller Order, since 2008.

7.     Defendant Philip Carl Petrus was at all times relevant to this complaint duly

appointed and acting officer of the police department of the Borough of Frackville, Pennsylvania.

He is sued in his official and individual capacities.

8.     Defendant John Doe 1 was at all times relevant to this complaint duly appointed

and acting officer of the police department also as known as Sheriff Department of the County of

Schuylkill. He is sued in his official and individual capacities.

9.     Defendants John Doe 2 was at all times relevant to this complaint duly appointed

and acting officer of the police department also as known as Sheriff Department of the County of

Schuylkill.  He is sued in his official and individual capacities.

-3-

10.    Defendant Halcovage is a U.S. citizen and resides in Schuylkill County, Pennsylvania, is employed by the County of Schuylkill, and is or was Chairman of the County of Schuylkill Prison Board. At all times relevant to this complaint, Defendant Halcovage is duly elected and /or appointed and acting officer of the County of Schuylkill, Pennsylvania. He is sued in his official and individual capacities.

11.    Defendant County of Schuylkill is located in the Commonwealth of Pennsylvania. It is a municipal corporation and the public employer of Defendants John Doe 1 and John Doe 2, and Halcovage.

12.    Defendant Borough of Frackville is located in Schuylkill County, Pennsylvania. It is a municipal corporation and the current employer of Defendant Petrus.

## FACTS

13.    The United States law at 6 CFR 37.3 defines full legal name as an individual's first name, middle name(s), and last name or surname, without the use of initials or nicknames.

14.    Defendants Petrus, and Halcovage have no lawful Oaths of office.

15    The Oath of office is a quid pro quo contract cf [U.S. Const. Art. 6, Clauses 2 and 3, Davis Vs. Lawyers Surety Corporation., 459 S.W. 2nd. 655, 657., Tex. Civ. App.] in which clerks, officials, or officers of the government pledge to perform (Support and uphold the United States and state Constitutions) in return for substance (wages, perks, benefits). Proponents are subjected to the penalties and remedies for Breach of Contract, Conspiracy cf [Title 18 U.S.C., Sections 241, 242]. Treason under the Constitution at Article 3, Section 3., and Intrinsic Fraud cf [Auerbach v Samuels, 10 Utah 2nd. 152, 349 P. 2nd. 1112,1114. Alleghany Corp v Kirby., D.C.N.Y. 218 F. Supp. 164, 183., and Keeton Packing Co. v State., 437 S.W. 20, 28].

-4-

16.     Defendants Petrus, John Doe 1 and John Doe 2, and Halcovage took oaths and promised to tell the truth, and not mislead, misconstrue, misrepresent or put false information into a Court of law or official, public records.

17.     In his Affidavit of Probable Cause, Defendant Petrus testifies under oath that on Monday, Sept. 19, 2016, that at approx. 8:30hrs, GERRI notified this officer (Petrus) that her brother Edward GRIFFIN etc. Petrus is alleging that Edward Thomas Kennedy is Edward GRIFFIN.

18.     From September 28, 2016 through January 11, 2018, official Court records from Borough of Frackville Police Department and Defendant Petrus in two criminal cases against the Plaintiff herein, were changed, altered and/or hidden by Defendant Petrus and others in order to falsely arrest, falsely imprison and falsely prosecute Edward Thomas Kennedy. [1]

19.     Both cases were dismissed with prejudice by the Court on January 30, 2018.

20.     There is no victim or victims identified of any crime or crimes in Affidavit of Probable Cause, alleged by Defendant Petrus. GERRI is a nickname and not a full legal name.

21.     There is no suspect identified by Petrus of any crime in Affidavit of Probable Cause. Edward GRIFFIN is not Edward Thomas Kennedy.

22.     Edward Thomas Kennedy was charged with crimes in two criminal cases despite lies from Petrus, Halcovage and the Prosecuting Attorney.

23.     With malice, Petrus gamed the legal process and comprised the Justice System.

---

[1] Commonwealth Prosecuting Attorney Christine Anne Holman and her Deputies possibly violated the Brady rule, 18 U.S. Code § 2071 and 18 U.S. Code § 241.

24.    A two page Incident Report from the Court of Common Pleas files dated 1/10/2018 is false. It lists the suspect living at PMB 240, 1866 Leithsville Rd., Hellertown, PA 18055. PMB is an abbreviation for public mailbox.

25.    Under Pennsylvania Law in Code in Rule 1035.4 Affidavits, states "Affidavits shall be made on personal knowledge." Petrus demonstrated no personal knowledge in his Affidavit of Probable Cause.

26.    In Fugitive Notice Petrus swears in a handwritten statement that Edward T. Kennedy is the Defendant and not Edward Thomas Kennedy.

27.    In document titled Warrant Control No. 21201-AW--0000414-2016 Petrus states Kennedy's address is 1866 Leithsville Rd., Hellertown, PA 18055.

28.    The address 1866 Leithsville Rd., Hellertown, PA 18055, is a UPS store in Northampton County, Pennsylvania. link here: https://hellertown-pa-4803.theupsstorelocal.com/

29.    Edward Thomas Kennedy does not live and has never lived at a UPS Store.

30.    According to Petrus, Kennedy lives at 1866 Leithsville Rd., Hellertown, PA 18031.

31.    A Surety Bond in name of Edward T. Kennedy at 1866 Leithsville Rd., Hellertown, PA 18031 is false. The Bond states both the wrong name and wrong address.

32.    Evidence submitted to a Court of law by Petrus violates Federal Rules of Evidence and Uniform Rules of Evidence.

33.    False evidence and false statements testimony under oath by Petrus were directly material to the injury and damages that was done to the Plaintiff.

34.     County of Lehigh Right to Know Law Officer Johnston responded to Plaintiff's request for records and provides Plaintiff with a one page-letter and one-page document entitled Bench Warrant Failure to Appear.  Johnson wrote, "Regarding your request as to who gave an order and by what authority, I am providing you with a copy of the Bench Warrant signed by Judge William E Baldwin dated, April 12th, 2017. Deputy Sheriffs were at the residence to exercise their law enforcement responsibilities signed by Judge Baldwin." Attached Exhibit 1, two pages.

35.     This Bench Warrant Failure to Appear is certified by the Clerk of Court and signed by President Judge Baldwin to arrest Kennedy at 1866 Leithsville Rd., PMB 240, Hellertown, PA 18055, dated April 12, 2017, without the Court's seal.  Attached Exhibit 1, page 2 of 2.

36.     In this Bench Warrant, Edward Thomas Kennedy,  quote, "residing at 1866 Leithsville Rd Pmb 240 Hellertown, PA 18055, is alleged to be legal authority to trespass and break and enter into Plaintiff's residence and church at 401 Tillage Rd., Breinigsville, PA 18031.

37.     Plaintiff Kennedy never received any Summons or Bench Warrant. Kennedy was forced to plead on October 18, 2017 and was not arraigned prior to this date.

38.     18 U.S. Code § 241  says that it a crime for a person acting under color of any law to willfully deprive a person of a right or privilege protected by the Constitution or laws of the United States.  U.S. Code § 241 - Conspiracy against rights is written as follows:

"If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured—They shall be fined under this title or imprisoned not more than ten years, or both, and if death results from the acts committed in violation of this section or if such include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated

-7-

sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life or both, or may be sentenced to death.

39.    18 U.S. Code § 2071 - Concealment, removal, or mutilation is written as follows:

a) Whoever willfully and unlawfully conceals, removes, mutilates, obliterates, or destroys, or attempts to do so, or, with intent to do so takes and carries away any record, proceeding, map, the book, paper, document, or another thing, filed or deposited with any clerk or officer of any court of the United States, or in any public office, or with any judicial or public officer of the United States shall be fined under this title or imprisoned not more than three years, or both.
(b) Whoever, having the custody of any such record, proceeding, map, book, document, paper, or another thing willfully and unlawfully conceals, removes, mutilates, obliterates, falsifies, or destroys the same, shall be fined under this title or imprisoned not more than three years, or both; and shall forfeit his office and be disqualified from holding any office under the United States.

40.    It is the policy and custom for Defendants County of Schuylkill and County of Schuylkill to violate The Laws of the United States  6 CFR 37.3, definition of the legal name.

41.    On or about June 2, 2017, police officers including the County of Lehigh Sheriff and his Deputies and Upper Macungie Township Police Chief and his Deputies including surrounded Plaintiff's residence and church at 401 Tillage Road, Breinigsville, PA 18031 between 2 PM to 3 PM Breinigsville time to enforce the Bench Warrant described heretofore, and Police threatened to do the following: a) arrest the Plaintiff b) injure the Plaintiff physically and c) injure the Plaintiff with bullets.

42.    On June 2, 2017, two police officers (unknown names) entered Plaintiff's residence and church at 401 Tillage Rd. Breinigsville, PA 18031 at his second-floor bedroom door with deadly force to enforce a Bench Warrant document addressed for Hellertown, PA 19055 and not Breinigsville, PA 18031.

43.    On August 28, 2017, at the Target store parking lot at 749 N Krocks Rd, Allentown, PA 18106 between 9am and  11am Allentown time, two Deputy Sheriffs with the

County of Lehigh Sheriff's Department made an unreasonable search and seizure of the Plaintiff, and then assaulted and battered the Plaintiff with excessive force. Sheriffs then transported him in handcuffs to the County of Lehigh Jail, 38 North Fourth Street, Allentown, PA 18102, based on color of law.

44.     On August 28, 2017, at the County of Lehigh Jail, 38 North Fourth Street, Allentown, PA 18102, Plaintiff was stripped naked, given a  rectal exam, forced to wear prison clothes, given physical and mental exams and caged based on the color of law.

45.     On August 30, 2017, Defendant John Doe 1 and an assistant, transported the Plaintiff him from County of Lehigh to a prison in County of Schuylkill at 230 Sanderson Street, Pottsville, PA 17901, County of Schuylkill, under color of law, injuring the Plaintiff as described herein.

46.     Plaintiff Kennedy was kidnapped and taken by Defendant John Doe 1 now in chains in the back seat of a County of Schuylkill vehicle in custody to the Schuylkill County Jail, where he was detained in a prison cell.

47.     On August 30, 2017, Defendants John Doe 1 and John Doe 2 abused Plaintiff with extreme deadly force, assaulted and battered the Plaintiff at Schuylkill County Jail at 230 Sanderson Street, Pottsville, PA 17901, and the Schuylkill County Courthouse, 401 North Second Street, Pottsville, PA 17901.

48.     Plaintiff says life-threatening, vindictive, disrespectful enforcement and prosecution by Defendants John Doe 1 and John Doe 2 with malice, injured the Plaintiff and was life-wrecking to the Plaintiff under color of law.

49.     The Defendant police officer John Doe 1 had no warrant for the arrest of the Plaintiff, no legal, probable cause for the arrest of the Plaintiff and no legal cause or excuse to seize the person of the Plaintiff.

50.     At all times during the events described herein, the Defendant police officers John Doe 1 and John Doe 2 were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

51.     County of Schuylkill prison at 230 Sanderson Street, Pottsville, Pennsylvania is a Soviet-style gulag. The prison policies, procedures and customs there are administered by Defendant Halcovage. The health of prisoners with Diabetic 2 disease is destroyed by Halcovage.

52.     County of Schuylkill Prisoners are forced into solitary confinement in County of Schuylkill prison.

53.     Defendant Halcovage in prison board meeting minutes does not use a full legal name. These minutes are published on the Defendant County of Schuylkill website.

54.     Halcovage took an oath, to tell the truth and not mislead, misconstrue, misrepresent and/or put false information into prison board meeting minutes, an official public record.

55.     Plaintiff accepts individual Defendants oaths of office and binds them to their oaths and also reminds individual Defendants of their fiduciary duty.

56.     Plaintiff was not arraigned prior to October 18, 2017, but was forced to plead under duress and under threat of prison on October 18, 2018, by Defendant Petrus, without any type of due process.

57.    Defendant Halcovage is personally involved financially and administratively and benefits financially from false finance, false arrests, and false imprisonments of the Plaintiff.

58.    Halcovage has a fiduciary duty to the Plaintiff and the citizens of County of Schuylkill.

59.    As a direct and proximate result of the acts of Defendants, Plaintiff suffered the following injuries and damages:

a. Violation of his constitutional rights under the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

b. Loss of his physical liberty;

c. Intentional offensive contact with his body;

d. Loss of or damage to excellent reputation;

e. Loss of full ability to perform works of medical charity;

f. Loss of family services and his residence of ten years;

g. Impairment of current and future earning capacities;

h. Fear of imminent and ongoing peril resulting from offers or attempt to injure him;

i. Mental anguish;

j. Apprehension;

k. Alteration of lifestyle;

l. Pain and suffering from excessive force, past, present and future;

m. Loss of enjoyment of life, past, present, and future;

n. Loss of Privacy;

o. Physical pain and suffering and emotional trauma and suffering.

p. Threats to pay fines or else face Criminal Contempt Charges, Threat to the suspension of his driving privileges and threat to enforce the Fair Debt Collection law.

60. The actions of the Defendants violated the following clearly established and well settled federal constitutional rights of Plaintiff Edward Thomas Kennedy:

a. Freedom from the unreasonable seizure of his person and personal property

b. Freedom from cruel and unusual punishment

c. Protection against unlawful warrants

d. Protection against the unlawful trespass

e. Protection against false arrest and false imprisonment

f. Right to due process

g. Right to a lawful government

h. Freedom for the use of excessive force against his person and

i. Right to a speedy trial.

j. Freedom from threats to pay fines or else face Criminal Contempt Charges and

k. Freedom from the threat to the suspension of driving privileges,

l. Freedom from threats to enforce the Fair Debt Collection law.

61.    At all relevant times, Defendants Petrus, Doe 1, Doe 2 and Halcovage were acting under color of law and color of authority as police officers, employees, corporation officers,

agents or servants of the County of Schuylkill and/or Borough of Frackville, as agents of the

Commonwealth of Pennsylvania, based on a policies and customs of lies that mislead,

misconstrue, misrepresent and/or puts false information into the public court record and court of

common pleas under oath. Special damages are requested from the Court because the Defendants

lied under oath, filed fraudulent documents and reports into a court of law, and then continued to

lie under oath in two, similar cases against the Plaintiff.

**COUNT I**

*42 U.S.C. §1983  Against Individual Defendants Petrus, John Doe 1, John Doe 2, and Halcovage*

62.     Paragraph 1 through 61 is incorporated herein by reference as though fully set

forth.

63.     Plaintiff Kennedy claims damages for the injuries set forth above under 42 U.S.C.

& 1983 against Defendants Defendants Petrus, John Doe 1, John Doe 2,  and Halcovage, for

violation of his constitutional rights under color of law. As a result of stated violations, Plaintiff

Kennedy suffered damages as aforesaid.

**COUNT II**

*Assault and Battery Against Defendant John Doe 1 and John Doe 2*

64.     Paragraphs 1 through 63 are incorporated herein by reference as though fully set

forth.

65.     Defendants John Doe 1 and John Doe 2  assaulted and battered Plaintiff Edward

Thomas Kennedy.

66.     As a result of this assault and battery, Plaintiff Kennedy suffered damages as aforesaid.

**COUNT III**

*False Arrest and False Imprisonment Against Defendants Halcovage, Petrus, John Doe 1 and John Doe 2.*

67.     Paragraphs 1 through 66 are incorporated herein by reference as though fully set forth.

68.     Defendants Halcovage, Petrus, John Doe 1 and John Doe 2 illegally arrested and illegally imprisoned Edward Thomas Kennedy. Defendant Halcovage is a prison board member. Defendants had no reason to detain or search Plaintiff because they did not reasonably believe that Plaintiff had committed an offense.

69.     As a result of this false arrest and false imprisonment, the Plaintiff suffered the damages as aforesaid.

**COUNT IV**

*42 U.S.C. & 1983 Against Borough of Frackville*

70.     Paragraphs 1 through 69 are incorporated herein by reference as though fully set forth.

71.     Prior to September 28, 2016, the Borough of Frackville developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the Borough of Frackville, which caused the violation of Kennedy's rights.

72.     It was the policy and/or custom of the Borough of Frackville to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the Borough of Frackville.

73.     It was the policy and/or custom of the Borough of Frackville to inadequately supervise and train its police officers, including the Defendant officer, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The Borough did not require appropriate in-service training or re-training of officers who were known to have engaged in either lies or police misconduct.

74.     As a result of the above-described policies and customs, police officers of the Borough of Frackville, including the Defendant officer, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

75.     The above-described policies and customs demonstrated a deliberate indifference on the part of policymakers of the Borough of Frackville to the constitutional rights of persons within the Borough and were the cause of the violations of Plaintiff's rights alleged herein.

**COUNT V**

*42 U.S.C. & 1983 Against County of Schuylkill*

76.     Paragraphs 1 through 75 are incorporated herein by reference as though fully set forth.

77.     Prior to September 28, 2016, the County of Schuylkill developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the County of Schuylkill, which caused the violation of Kennedy's rights.

78.    It was the policy and/or custom of the County of Schuylkill, to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the County of Schuylkill.

79.    It was the policy and/or custom of the County of Schuylkill to inadequately supervise and train its police officers, including the Defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The County did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

80.    As a result of the above-described policies and customs, police officers of the County of Schuylkill, including the Defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

81.    The above-described policies and customs demonstrated a deliberate indifference on the part of policymakers of the County of Schuylkill to the constitutional rights of persons within the County of Schuylkill and were the cause of the violations of Plaintiff's guaranteed rights alleged herein.

**COUNT VI**

*Respondeat Superior of County of Schuylkill*

82.    Paragraphs 1 through 81 are incorporated herein by reference as though fully set forth.

83.     Defendant County of Schuylkill is liable for the assault, battery, false arrest and false imprisonment committed against Plaintiff by Defendant's John Doe 1 and John Doe 2.

-16-

84.     The County of Schuylkill employed the police officers who committed assault, battery, false arrest, and false imprisonment while acting within the scope of their employment.

## COUNT VII

### *Respondeat Superior of Borough of Frackville*

85.     Paragraphs 1 through 84 is incorporated herein by reference as though fully set forth.

86.     Defendant Borough of Frackville is liable for false arrest and false imprisonment committed against Plaintiff by Defendant Petrus.

87.     Borough of Frackville employed Officer Petrus who committed false arrest of Plaintiff while acting within the scope of his employment under color of law to injure and damage the Plaintiff as described herein.

## COUNT VIII

### *Treason, Official Misconduct and Failure to Provide a lawful Government Against Defendants County of Schuylkill, Borough of Frackville, and Halcovage.*

88.     Paragraphs 1 through 87 is incorporated herein by reference as though fully set forth.

89.     Defendants County of Schuylkill and Borough of Frackville and Defendant Halcovage tell lies by failure to comply with United States law 6 CFR 37.3, evidenced by their respective websites and public office election results.

90.     Defendants use no lawful full legal names on official documents or records.

91.     Violation of 6 CFR 37.3 is official misconduct.

92.      Defendants County of Schuylkill and Borough of Frackville allow their employees to lie under oath. Exhibit 2, 2 pages, Petrus and Harassment.

93.      Plaintiff claims damages under United States Law for the injuries set forth above and herein against Defendants County of Schuylkill, Borough of Frackville and Halcovage for violation of his  constitutional rights under color of law.

## COUNT  IX

### *Privacy Violations under United States Law Against all Individual Defendants*

94.      Paragraphs 1 through 93 are incorporated herein by reference as though fully set forth.

95.      Plaintiff claims damages under United States Law for the injuries set forth above and herein against all individual Defendants for violation of his right to privacy and constitutional rights under color of law.

## COUNT  X

### *42 U.S.C. §1983 and Damages to Plaintiff's Reputation Against all Defendants*

96.      Paragraphs 1 through 95 are incorporated herein by reference as though fully set forth.

97.      Plaintiff claims damages under 42 U.S.C. § 1983 for the injuries set forth above and herein against all Defendants for Damages to Plaintiff's reputation and constitutional rights under color of law.

## COUNT  XI

### *42 U.S.C. §1983 Kidnapping Damages to Plaintiff Against Defendants County of Schuylkill, Defendant John Doe 1 and John Doe 2*

98.    Paragraphs 1 through 97 are incorporated herein by reference as though fully set forth.

99.    Plaintiff claims damages under 42 U.S.C. § 1983 for the injuries set forth above and herein against Defendants John Doe 1 and John Doe 2 for Kidnapping damages to Plaintiff and constitutional rights violations under color of law on August 30, 2017.

## COUNT XII

### *Malicious Prosecution Against Defendant Petrus*

100.    Paragraphs 1 through 99 is incorporated herein by reference as though fully set forth.

101.    Defendant Petrus misused the judicial system in order to extract revenge with extreme malice and persistence against the Plaintiff Kennedy and in order to win favor from his coworker, nicknamed Gerri.

102.    Malicious Prosecution elements: (1) that the original case was terminated in favor of the Plaintiff, (2) that the defendant played an active role in the original case, (3) that the defendant did not have probable cause or reasonable grounds to support the original case, and  (4) that the defendant initiated or continued the initial case with an improper purpose.

103.    Defendant Petrus had no probable cause evidenced by his Affidavit of Probable Cause which listed Gerri as the victim and Edward Griffin as the suspect, and more lies to be presented at trial.

104.    Malicious prosecution by Petrus with malice and use of deadly force by Defendants John Doe 1 and  John Doe 2 was life-wrecking to the Plaintiff and caused damages as stated herein.

105.    All charges against Plaintiff were dismissed with prejudice on January 30, 2018.

**COUNT XIII**

*18 U.S.C. § 241 Against Defendants Petrus and Halcovage*

106.    Paragraphs 1 through 105 are incorporated herein by reference as though fully set forth.

107.    18 U.S.C. § 241 states it a crime for a person acting under color of any law to willfully deprive a person of a right or privilege protected by the Constitution or laws of the United States.

108.    Defendants willful deprivation of rights and privileges to the Plaintiff was life-wrecking to the Plaintiff. Defendants Petrus and Halcovage lied under oath in violation of 18 U.S.C. § 241 and under the color of law violating Plaintiff's Civil Rights and causing the Plaintiff injury as described herein.

**COUNT XIV**

*18 U.S.C. § 1346 Breach of Fiduciary Duty and Breach of Contract Against Defendants Petrus and Halcovage.*

109.    Paragraphs 1 through 108 are incorporated herein by reference as though fully set forth.

110.    Defendants Petrus and Halcovage breached their financial duty to the Plaintiff, and breached their contract to the Plaintiff, by not using full legal names, that caused injuries and damage and harm to the Plaintiff as described herein.

**COUNT XV**

*18 U.S. Code § 2071 (b) Against Defendant Petrus*

111.    Paragraphs 1 through 110 are incorporated herein by reference as though fully set forth.

112.    Defendant Petrus violated 18 U.S. Code § 2071 (b) quote,

"Whoever, having the custody of any such record, proceeding, map, book, document, paper, or another thing willfully and unlawfully conceals, removes, mutilates, obliterates, falsifies, or destroys the same..."

113.    Plaintiff was directly injured and suffered damages as a direct result of the violations of United States Law by Defendant Petrus.

## COUNT XVI

### *Fraud Against Defendant Petrus*

114.    Paragraphs 1 through 113 are incorporated herein by reference as though fully set forth.

115.    The elements of fraud under Pennsylvania law are

116.    (1) a material factual misrepresentation;

117.     (2) made with knowledge or belief of its falsity;

118.    (3) with the intention that the other party rely thereon;

119.    (4) resulting in justifiable reliance to that party to his detriment."

120.    The Affidavit of Probable Cause by Petrus did not use his full legal name.

121.    The Affidavit of Probable Cause by Petrus did not use the full legal name of any victim.

122.    Petrus used alias names and not a full legal name as defined by United States Law under 6 CFR 37.3.

123.    Fraud by Defendant Petrus was life-wrecking to the Plaintiff and caused damages as stated herein.

124.    Plaintiff was directly injured and suffered damages as a direct result of violations of United States Law and Pennsylvania Law concerning fraud by Defendant Petrus.

## COUNT XVII

### Fraud Against Defendant Halcovage

125.    Paragraphs 1 through 124 are incorporated herein by reference as though fully set forth.

126.    The elements of fraud under Pennsylvania law are as follows:

127.    (1) a material factual misrepresentation;

128.    (2) made with knowledge or belief of its falsity;

129.    (3) with the intention that the other party rely thereon;

130.    (4) resulting in justifiable reliance to that party to his detriment.

131.    Halcovage used alias names and not a full legal name as defined by United States Law under 6 CFR 37.3 in order to be an elected public official of the County of Schuylkill and its Prison Board evidenced by the County of Schuylkill website election results.

132.    Fraud by Defendant Halcovage was life-wrecking to the Plaintiff and caused damages as stated herein. Plaintiff was directly injured and suffered damages as a direct result of Defendants violations.

## REQUEST FOR PERMANENT INJUNCTION

Notice: Class v United States, Decided 2/21/2018 by the United States Supreme Court

Plaintiff asks the court to set his application for permanent injunctive relief at full trial on the issues in this application stated heretofore, and after the trial, to issue a permanent injunction against the Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

A.    Enter judgment in favor of Plaintiff and against Defendants;

B.    Enter an order declaring the conduct of Defendants Petrus, John Doe 1, and John Doe 2, unconstitutional;

C.    Enter an order declaring the conduct of Defendant Halcovage unconstitutional;

D.    Enter an order declaring the conduct of Defendant County of Schuylkill, unconstitutional;

E.    Enter an order declaring the conduct of Defendant Borough of Frackville, unconstitutional;

F.    Award Plaintiff compensatory damages against Defendants as follows:
      1. Defendant Borough of Frackville to pay Plaintiff $1, 500,000.00.
      2. Defendant County of Schuylkill to pay Plaintiff $1,500,000.00.
      3. Defendant Halcovage to pay Plaintiff $5,000,000.00, net all all tax;
      4. Defendant Halcovage to pay Plaintiff's church $1,000,000.00.

G.    Award Plaintiff special damages against Defendants as follows:
      1. Defendant Borough of Frackville to pay Plaintiff $1,500,000.00
      2. Defendant County of Schuylkill to pay Plaintiff $1,500,000.00
      3. Defendant Halcovage to pay Plaintiff $12,000,000.00; net of all tax;
      4. Defendant Petrus to pay Plaintiff $250,000.00.

H.    Award Plaintiff punitive damages against Defendants;

I.    Enter a permanent injunction, upon proper motion, requiring Defendants County of Schuylkill and Borough of Frackville to adopt appropriate procedures and policies related to the civil rights of its prisoners held in all their prisons;

J. Order Defendants County of Schuylkill and its Commissioner Defendant Halcovage to expunge all records created by their Courts that violates Plaintiff's Civil rights without delay, including mugshots, fingerprints and /or all plea bargained or forced confessions, or pay to Plaintiff additional special damages of $5,000,000.00;

K. Order Defendant Halcovage to transfer of all financial instruments, surety bonds and prisons bonds unlawfully created in these matters in all his cases to be voided, or transferred to the Plaintiff in his full legal name as sole owner and beneficiary, or to Court approved medical charity for prisoners with Diabetic 2 disease;

L. Order Defendant Halcovage and County of Schuylkill to immediately stop all Solitary Confinements in the County of Schuylkill Prison or Prisons;

M. Order County of Schuylkill and Borough public officials who are not elected in their full legal names to forfeit their office;

N. Order County of Schuylkill and Borough public officials who are not elected in their full legal names to be disqualified from holding any office in the future under the United States jurisdiction;

O. Order an investigation of civil rights violations of the County of Schuylkill and Borough of Frackville Police Department concerning their past and current arrests for Harassment and all Bench Warrants, nunc pro tunc;

P. Enter a permanent injunction, under a properly filed  motion, to require Defendants County of Schuylkill and Borough of Frackville to adopt lawful policies related to the hiring and supervision of its police officers and allow Plaintiff to monitor compliance;

Q. Enter a permanent injunction to require Defendants County of Schuylkill and Borough of Frackville to expunge all matters and records and especially of 10/18/2017 that injured and damaged the Plaintiff;

R. Award costs of the Court and award Plaintiff his direct, indirect, extraordinary costs and goodwill for preparing and filing this Complaint;

S. Order Defendant Halcovage and County of Schuylkill to offer inmates legal training and access to an effective law library with effective legal databases and resources, in the County of Schuylkill Prison or Prisons:

T. Enter an order declaring Defendant Borough of Frackville a criminal enterprise;

U. Order an Investigation of the Court of Common Pleas, County of Schuylkill Office of Clerk of the Courts, to determine who violated 18 U.S. Code § 2071 in Plaintiff's court cases;

V. Order an Investigation of County of Schuylkill Prosecuting Attorney Christine Anne Holman for violating the Brady rule and 18 U.S. Code § 2071 in Plaintiff's court cases;

W.  Grant to Plaintiff such other and further relief as may be just and proper under the circumstances including but not limited to appropriate injunctive relief.


## JURY TRIAL DEMAND

Plaintiff demands a Jury Trial, pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages.

[#End police brutality]

I, Edward Thomas Kennedy, declare under penalty of perjury that the foregoing is true and correct.


Signed this 29th day of March 2018.

Respectfully submitted,

Edward Thomas Kennedy, Pro Se
401 Tillage Road
Breinigsville, Pennsylvania 18031
Email: pillar.of.peace.2012@gmail.com
Email: kennedy2018@alumni.nd.edu
Telephone: 415-2751244
Fax: 570-6091810


Attached:

Exhibit 1 County of Lehigh Right to Know Law Officer Johnston's response to Plaintiff's request for records. Johnston provides Plaintiff with a one page-letter and one-page document entitled Bench Warrant Failure to Appear, signed by Judge Baldwin.  These two pages are attached.

Exhibit 2, 2 pages, Pretrus and Harassment.

---

Notice of Constitutional question to Pennsylvania Attorney General Shapiro forthcoming.







*Christmas Blessings*

Merry Christmas,
Father Edward Kennedy
Hospitaller Order of Physicians &
...

Top right is

My Arch bishop.

Milan in 2c13.

Next me

Mayd 2005.



**Father Edward T. Kennedy**

Sacred Medical Order Church of HOPE
Sacred Medical Order Knights of HOPE
Hospitaller Order of Physicians & Ecclesiae
401 Tillage Rd. Breinigsville, PA 18031
415-275-1244
kennedy2018@alumni.nd.edu

www.smoch.org



# Holy Catholic Church of the East
### Vicarate of Nevis Island & Ecuador

By the Grace of God, we inform that in
accordance with canonical laws and traditions
of the Ancient Holy Church of the East,
we certify through this instrument the
***Ordination of Priesthood***

*Edward T. Kennedy*

(Apostle Ecclesiastic no  

Diocese of the Sacred Medical Order
of the Church of Hope
www.smoch.org

Date No.

Authorized Bishop

---

## THE SACRED MEDICAL ORDER OF THE KNIGHTS OF HOPE

PASSPORT
PASSPORT
PASSPORTE

Passport No. / Passaporte No.  **Q S 0 1 0 0 3 1 1 5**

NAME OF BEARER / NOM DU TITULAIRE / APPELLIDOS
**KENNEDY**

Given Names / Nombre  **EDWARD THOMAS**

Nationality / Nacion  **UNITED STATES OF AMERICA**

Place of Birth / Lugar de Naci  **PENNSLYVANIA**

Sex / Sexo / Seno · Date of Birth / Fecha de Nacimiento
**MALE**    **25 OCT 1953**

Date of Issue / Fecha de Expedition  **13 SEP 2012**

Date of Expiry / Fecha de Expiration  **13 SEP 2017**

Issuing Authority / Autoridad Expeditoria: Sovereign Council

```
P<USAKENNEDY<<EDWARD<THOMAS<<<<<<<<<<<<<<<<<<<06
QS01003115<0USA5310025M170913<<<<<<<<<<<<<<<<06
```

### THE SACRED MEDICAL ORDER
### OF THE KNIGHTS OF HOPE
ORDEN MEDICA SAGRADA DE
CABALLEROS DE ESPERANZA

**IMPORTANT**
This document is valid in all countries unless otherwise restrited. It is not transferable. It is for the sole use by the person to whom it is issued. Each person to it is issued must sign his or her name immediately upon receipt. This document is not valid unless it is signed.

**IMPORTANTE**
El presente documento es valido par viajar a todos los paises, salvo indicaciones contrarias. Es intransferible. Unicamente la persona para la cual ha sido expedido puede utilizarla. El titular debe ser firmado al instante de recibirlo. Este documento no es valido sina la firma del titular.

**TYPE OF PASSPORT**
☐ Personal    ☑ Diplomatic

Professsion of Holder:

Authorization:

The use of this product the United States Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; July 2013; All rights reserved.

# PRIORITY MAIL
## ★ MAIL ★



**UNITED STATES POSTAL SERVICE ®**
VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

**PRIORITY MAIL ★**

- ▦ DATE OF DELIVERY SPECIFIED*
- ☏ USPS TRACKING™ INCLUDED*
- $ INSURANCE INCLUDED *
- 🖐 PICKUP AVAILABLE

\* Domestic only

**RECEIVED SCRANTON**
MAR 3 0 2018
PER _____
DEPUTY CLERK

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL M

Expected Delivery Day: 04/02/2018

## USPS TRACKING NUMBER

9605 5145 8731 8088 0940 19

|||||||||||||| (barcode) ||||||||||||||

EP14F July 2013
OD: 12.5 x 9.5

PS00001000014



**FROM:**
Father Edward Kennedy
401 Tillage Road
Breinigsville, PA 18031

**TO:**
PETER J. WELSH
ACTING CLERK OF COURT
Deputy OF THE CLERK

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA
WILLIAM J. NEALON FEDERAL BLDG. & U.S. Courthouse
235 NORTH WASHINGTON AVENUE
P.O. BOX 1148
SCRANTON, PA 18501-1148

FOR DOMESTIC AND INTERNATIONAL USE

Label 228, March 2016

## VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

**UNITED STATES POSTAL SERVICE ®**

♻ This envelope is made from post-consumer waste. Please recycle - again.