IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

EDWARD THOMAS KENNEDY,

    Plaintiff,

                      JURY TRIAL DEMANDED

    v.                      Civil Action No. 3-18-CV-00697

PHILIP CARL PETRUS, in his official
and individual capacities,
JOHN DOE 1, in his official
and individual capacities,
JOHN DOE 2, in his official
and individual capacities,
GEORGE FRANCIS HALCOVAGE,
in his official and individual capacities,
COUNTY OF SCHUYLKILL,
PENNSYLVANIA
and BOROUGH OF FRACKVILLE,
PENNSYLVANIA,

    Defendants.

NOTICE OF CONSTITUTIONAL QUESTION

Plaintiff, Edward Thomas Kennedy, serves this notice of constitutional

question on the Commonwealth of Pennsylvania Attorney General in this complaint and

challenges the constitutionality of Commonwealth of Pennsylvania Statute Title 18, section 2709,

Harassment. This statute is stated herein and published by the Commonwealth of Pennsylvania as

1

follows:

§ 2709. Harassment.

(a) Offense defined.--A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person:

    (1) strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or threatens to do the same;

    (2) follows the other person in or about a public place or places;

    (3) engages in a course of conduct or repeatedly commits acts which serve no legitimate purpose;

    (4) communicates to or about such other person any lewd, lascivious, threatening or obscene words, language, drawings or caricatures;

    (5) communicates repeatedly in an anonymous manner;

    (6) communicates repeatedly at extremely inconvenient hours; or

    (7) communicates repeatedly in a manner other than specified in paragraphs (4), (5) and (6).

The Supremacy Clause of the Constitution should require Commonwealth of Pennsylvania to enforce federal laws. The state's laws on Harassment, § 2709. Harassment. are harmful to its residents and violate federal laws.

    First, in State Laws, 1985-1988, page 206, the words or Harass Harassment are not defined, but under the word "Harassment," the reader is directed to see Sexual Harassment. [1]

    Second, how is "with intent to harass" proven beyond a reasonable doubt as stated in element 3 of this statute, or what are the elements of "with intent to harass"?

---

[1] Subject Compilations of State Laws 1985- 1988 An Annotated Bibliography, Cheryl Rae Nyberg, Library of Congress Number 890093062, 1989.

Third, the word "repeatedly" in Title 18, section 2709 has no clear legal definition and is not defined in any law dictionary used by this Court. The words repeat, repeated, and repeatedly do not appear in Black's law Dictionary, 9th edition, West by Thomson Reuters, 2009.

Fourth "course of conduct" in Title 18, Section 2709 has no clear legal definition and is not defined in any law dictionary used by this Court.

Fifth, Commonwealth of Pennsylvania, its officers, and / or its employees used no enactment law to pass Title 18, section 2709 statute in 2002, a violation of the both US Constitution and the Commonwealth of Pennsylvania Constitution.

Sixth, Pennsylvania Title 18, section 2709 was not published by the Commonwealth of Pennsylvania Secretary of State, a violation of both the United States Constitution and the Commonwealth of Pennsylvania Constitution.

Seventh, the phrase of words "Course of conduct" used in element 3 of the § 2709, Harassment is defined in various Pennsylvania statutes are also discussed in numerous Pennsylvania cases. In the Pennsylvania Suarez case, the Court has held that "course of conduct" is an additional fact, which must be found by a jury but in practice, the Pennsylvania Courts and it Judges and Magistrates do not allow Summary cases to go to a jury.

Eighth, from experience and belief, Plaintiff states Commonwealth of Pennsylvania District Attorneys, rarely or never disclose Item 7 above, to Pro Se or Pro Per Defendants, a violation of the United States Constitution, the Pennsylvania Constitution and American BAR Association Attorney professional standards and Pennsylvania Attorney's oath of office. [2]

Therefore, "in order to be graded as a third-degree felony, the Commonwealth must allege in the information and present evidence at trial of the additional factor of 'course of conduct,' and the jury must be instructed on such." "The trial court cannot merely assume the jury finds this additional fact when no evidence of it [is] presented at trial and no mention of it [is] made in the jury's charge." Id.

Pennsylvania Crimes Code sections 3126, 4304 and 6301 does not define "course of conduct." However, in Commonwealth v. Kelly, 102 A.3d 1025 (Pa. Super. 2014), this Court explained the meaning of the phrase, "course of conduct," as used in grading the offense of

---

[2] See also Commonwealth v. Powpow, 844 A.2d 13, 18 (Pa. Super. 2004) stating that " 'course of conduct' is not an element of the offense of [EWOC], but it is an additional fact, a jury question, that impacts the grading of the offense."

corruption of minors:

> Crimes Code Section 6301 does not define "course of conduct," however, the phrase is not alien to the Crimes Code. "Course of conduct" is defined in multiple instances elsewhere in the Crimes Code and, in each of those instances, "course of conduct" implies more than one act over time. [3]
>
> Although recognizing that the harassment and stalking statutes provide a statutory definition for the phrase, this Court has "explained that 'course of conduct by its very nature requires a showing of a repetitive pattern of behavior.'" [4]

Date: April 16, 2018.

Respectfully submitted,

/s/ Edward Thomas Kennedy

---

Edward Thomas Kennedy, Pro Se
401 Tillage Road
Breinigsville, Pennsylvania 18031
Email: pillar.of.peace.2012@gmail.com
Email: kennedy2018@alumni.nd.edu

---

[3] See 18 Pa.C.S.[A.] § 2709[ ](f) (defining "course of conduct" as used in the statute defining the offense of harassment as "[a] pattern of actions composed of more than one act over a period of time, however short, evidencing a continuity of conduct"); 18 Pa.C.S.[A.] § 2709.1(f) (defining "[c]ourse of conduct" as used in the stalking statute as "[a] pattern of actions composed of more than one act over a period of time, however short, evidencing a continuity of conduct").

[4] See Commonwealth v. Leach, 1999 PA Super 72, 729 A.2d 608, 611 (Pa. Super. 1999) (quoting Commonwealth v. Urrutia, 439 Pa. Super. 227, 653 A.2d 706, 710 (Pa. Super. 1995)). The phrase "course of conduct" is also used in the grading of the offense of [EWOC]. 18 Pa.C.S.[A.] § 4304(b) ("An offense under this section constitutes a misdemeanor of the first degree. However, where there is a course of conduct of endangering the welfare of a child, the offense constitutes a felony of the third degree.") (emphasis added). Although the EEOC statute does not define "course of conduct," the phrase is clearly used in that context to differentiate the penalties for single and multiple endangering acts. Likewise, indecent assault is graded as a third[-]degree felony where "[there has been a course of conduct of indecent assault by the person." 18 Pa.C.S.[A.] § 3126(b)(3)(ii). Commonwealth v. Suarez, No. 1734 EDA 2015, 2016 WL 5210886, at *4–5 (Pa. Super. Ct. July 27, 2016)

Telephone: 415-2751244
Fax: 570-6091810

## CERTIFICATE OF SERVICE

I certify that on April 16, 2018, I electronically filed a copy of NOTICE OF CONSTITUTIONAL QUESTION with the Clerk of the Court using CM/ECF system, and sent by US mail and by fax to 570-783-1107 at 11AM to the following:

Joshua David Shapiro (also known as Josh Shapiro)
Commonwealth of Pennsylvania Attorney General
Commonwealth of Pennsylvania Office of Attorney General
16th Floor, Strawberry Square
Harrisburg, PA 17120
Phone: 570-787-3391
Fax: 570-783-1107

/s/ Edward Thomas Kennedy
_____
EDWARD THOMAS KENNEDY
Plaintiff, Pro Se